UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                  CRIMINAL NO.  11-cr-20129

vs.                                                  Hon.  ROBERT H. CLELAND

D-34,  WILLIAM SCOTT LONSBY,

       Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

Pursuant to 21 U.S.C. § 853 and Fed.R.Crim.P. 32.2, and based upon Defendant William Scott Lonsby's guilty plea to Count Three of the Third Superseding Indictment, the contents of Defendant's Rule 11 Plea Agreement, the Government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

     1.     Defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of his violations of 21 U.S.C. §§ 846, 841(a)(1), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of

Defendant's violations of 21 U.S.C. §§ 846, 841(a)(1), which includes the following:

- One (1) 1972 Harley Davidson, VIN: 4A18044H2, Lic. Plate: M637D, which was seized on or about 11/15/2007 at 5555 Flinchbaugh, Kimball Twp., MI.

(hereinafter referred to as "Subject Property")

2.  Defendant shall not contest, or assist anyone else in contesting, the forfeiture of all of the firearms, silencers and ammunition, U.S. Currency, motorcycles, slot machines, tools, computers, thumb drives, laptops, cameras, monitors, electronic equipment, "Colors" including but not limited to center wheel, vests, pins and patches, clothing, merchandise, jewelry, paraphernalia, and other personal property bearing any Devil's Diciples' labeling, markings, logos or symbols, that were seized in connection with the investigation of this case, as well as those seized in connection with the investigation and prosecution of *United States v. Jeff Garvin Smith, et. al.*, Case No. 11-20066, which is pending in the United States District Court, Eastern District of Michigan, to the extent that the government seeks forfeiture of such items in any forfeiture action or proceeding.

3.  Defendant shall not contest, or assist anyone else in contesting, the forfeiture of the real properties that are the subject of the following civil actions: *United States v. One Parcel of Real Property Known as 43653 Gratiot, Clinton Township, Michigan*, Case No. 09-cv-11208 and *United States v. One*

*Parcel of Real Property Known as 2424 Little Street, Port Huron, Michigan*, Case No. 09-cv-11212, which are pending in the United States District Court, Eastern District of Michigan.

4. Defendant shall not contest, or assist anyone else in contesting, the forfeiture of all Devil's Diciples' websites, markings, service marks, trademarks, names and "Colors," to the extent that the government seeks forfeiture of such items in any forfeiture action or proceeding.

5. Defendant shall not contest the forfeiture of, or file a petition or claim in connection with, any property that the government seeks to forfeit from any other defendant in this case, and from any defendant in *United States v. Jeff Garvin Smith, et. al.*, Case No. 11-20066, which is pending in the United States District Court, Eastern District of Michigan.

6. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

7. Pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on www.forfeiture.gov for at least thirty (30) consecutive days.  Said notice shall

direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Pursuant to 21 U.S.C. § 853(n), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. Pursuant to 21 U.S.C. § 853(n), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

8. The United States is hereby authorized, pursuant to 21 U.S.C. § 853(n) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

9. Pursuant to 21 U.S.C. § 853(n), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the

period provided in 21 U.S.C. § 853(n) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be FORFEITED to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

10. This Order shall become final as to Defendant at the time it is entered.

11. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 6, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 6, 2016, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522